# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Phillip J. Simon,<br><br>Plaintiff,<br><br>v.<br><br>Capital Management Services, L.P.,<br><br>Defendant. | Case No. 0:17-cv-04092<br><br><br><br>**COMPLAINT**<br><br><br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff Phillip J. Simon (hereinafter "Plaintiff") is a natural person who resides in the County of Isanti, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Capital Management Services, L.P. (hereinafter "Defendant") is a collection agency and foreign company operating from an address located at 698 ½ South Ogden Street, Buffalo, New York 14206, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

## FACTUAL ALLEGATIONS

8. Defendant alleges that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely the alleged balance of a personal credit card with Citibank.

9. This debt was consigned, placed or otherwise transferred by Citibank to Defendant for collection from Plaintiff.

10. On or around June 22, 2016, Defendant sent a collection letter to Plaintiff that demanded payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. Defendant's June 22, 2016, collection letter provided, in pertinent part, the following account details:

>   Original Creditor:      Citibank, N.A.
>   Current Creditor:       Citibank, N.A.
>   Description:            CITI MASTERCARD
>   Account #:              XXXXXXXXXXXX7082
>   AMOUNT ENCLOSED:        _____
>   Amount of Debt:         $2775.58

12. Defendant's June 22, 2016, collection letter continued by stating, in relevant part, the following:

> Dear Phillip J Simon:
>
> This company has been engaged by CITIBANK, N.A. to resolve your delinquent debt of $2775.58.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days

> after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.
>
> You may contact Capital Management Services, LP at 698 1/2 South Ogden Street, Buffalo, NY 14206-2317 or call 1-877-242-1372 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET. Please submit your payment and make your check or money order payable to CITIBANK to the address listed below. Payments and correspondence should be mailed to: Capital Management Services, LP, P.O. Box 120, Buffalo, NY 14220-0120. Overnight deliveries should be addressed to: Capital Management Services, LP, 698 1/2 South Ogden Street, Buffalo, NY 14206-2317. You may also make payments online at: www.cms-trans.com.
>
> This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

13. In response to Defendant's June 22, 2016, collection letter, Plaintiff sent Defendant a letter regarding this alleged debt.

14. On June 29, 2016, Plaintiff sent Defendant a letter notifying Defendant that he was refusing to pay this alleged debt.

15. Plaintiff's written refusal to pay acted as a request for Defendant to cease further communication with him pursuant to 15 U.S.C. § 1692c(c).

16. Specifically, Plaintiff's written refusal to pay identified "Account # xxxxxxxxxxxx7082" and stated: "I am writing in response to your collection letter. I am refusing to pay this debt. Sincerely, Phillip J Simon."

17. Plaintiff's written refusal to pay was delivered to Defendant via US Certified

Mail on July 5, 2016.

*__Multiple Illegal Attempts to Collect This Debt After Plaintiff's Written Refusal to Pay__*

18. On or around August 4, 2017, Defendant sent another collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. Defendant's August 4, 2017, collection letter again related to the same alleged Citibank debt with an account number ending in 7082.

20. Defendant also demanded payment in the amount of $2,774.14, which was $1.44 less than the initial alleged balance of $2,775.58, despite the fact that Plaintiff never made a payment of $1.44 toward this account.

21. Defendant's August 4, 2017, collection letter was exactly the same letter as its June 22, 2016 collection letter, expect for the balance being $1.44 less.

22. Notably, despite having received Plaintiff's written refusal to pay, Defendant's August 4, 2017, collection letter demanded payment from Plaintiff for this same debt after Plaintiff specifically stated, in writing, that he refused to pay this alleged debt.

23. Defendant's August 4, 2017, collection letter did not advise Plaintiff that Defendant's collection efforts were being terminated, nor did it notify Plaintiff that Defendant may invoke, or intends to invoke, specified

remedies.

24. Rather, Defendant ignored Plaintiff's written refusal to pay and continued to collect this alleged debt from Plaintiff.

25. Plaintiff clearly stated that he was refusing to pay this debt and wanted the collection communications from Defendant to stop, pursuant to his right under 15 U.S.C. § 1692c(c).

26. On or around August 25, 2017, Defendant also called Plaintiff in an effort to collect this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

27. Defendant's August 25, 2017 collection call led to a voicemail on Plaintiff's cell phone, which stated as follows: "We have an important message from Capital Management Services. This is a call from a debt collector. Please call 1-866-489-3600."

28. Again, despite having received Plaintiff's written refusal to pay to this alleged debt, Defendant's August 25, 2017 collection call did not advise Plaintiff that Defendant's collection efforts were being terminated, nor did it notify Plaintiff that Defendant may invoke, or intends to invoke, specified remedies.

29. Defendant's failure to cease communication with Plaintiff, after it received Plaintiff's written refusal to pay, were acts done in violation of the FDCPA at 15 U.S.C. §§ 1692c(a)(1) and 1692c(c).

30. Defendant continued to ignore Plaintiff's written refusal to pay and continued to collect this alleged debt from Plaintiff.

31. Moreover, Defendant attempted to deceive Plaintiff in violation of the FDCPA by reducing the balance of this alleged debt, despite having not received a payment from Plaintiff toward this debt.

32. These collection communications from Defendant were deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(c), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1), amongst others.

*Summary*

33. The above-described collection communications made to Plaintiff by Defendant and the collection employees employed by Defendant, after Plaintiff specifically stated, in writing, that he refused to pay this alleged debt, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

34. These violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

35. The FDCPA provides Plaintiff with legally-protected consumer rights to

prevent Plaintiff from being abused or treated unfairly by debt collectors.

36. Defendant's continued collection of this debt after receiving Plaintiff's written refusal to pay, and its deception with regard to the actual amount alleged to be owed, were unfair and deceptive attempts to collect this debt, which materially misled Plaintiff as to his legally-protected consumer rights to cease these communications and to be treated fairly, and which affected and frustrated Plaintiff's ability to intelligently respond to Defendant's continued collection efforts.

37. Plaintiff suffered concrete and particularized harm because his legally-protected consumer rights under the FDCPA were violated by Defendant when it continued to contact him after receiving his written refusal to pay, and because Defendant misled Plaintiff as to the amount allegedly owed for this debt.

38. Plaintiff has suffered actual damages as a result of Defendant's illegal collection communications in the form of anger, confusion, frustration, and annoyance, amongst other negative emotions, in addition to his lost time.

### *Respondeat Superior Liability*

39. The acts and omissions of the individual employees and agents of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed

within the time and space limits of their agency relationship with their principal, Defendant.

40. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

41. By committing these acts and omissions against Plaintiff, these individuals and the other debt collectors were motivated to benefit their principal, Defendant.

42. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

43. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

46. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

             Respectfully submitted,

             **BARRY & HELWIG, LLC**

Dated: August 31, 2017     By: s/ Patrick J. Helwig
             Patrick J. Helwig, Esq.
             Attorney I.D. # 0391787
             2701 University Ave. SE, Suite 209
             Minneapolis, Minnesota 55414-3236
             Telephone:  (612) 379-8800
             Facsimile: (612) 379-8810
             phelwig@lawpoint.com
             ***Attorney for Plaintiff***

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA      )
                                          ) ss
COUNTY OF ISANTI         )

Pursuant to 28 U.S.C. § 1746, Plaintiff Phillip J. Simon, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08   ,  31  ,  2017
              Month      Day      Year

_Phil J Simon_
Signature